CIVIDANES, PETITIONER, *v.* LÓPEZ ACOSTA, DISTRICT JUDGE, RESPONDENT (DÍAZ ET AL., INTERVENORS).

APPLICATION for a Writ of Mandamus to the Judge of the District Court of Guayama in an Action for Appointment of Administrator.

No. 135.—Decided July 3, 1916.

MANDAMUS—ADMINISTRATOR.—This court having decided that the surviving spouse has preference over any other person to appointment as judicial administrator and that the objection made to his appointment is not sufficient to deprive him of that right, it is the duty of the lower court to appoint him so that he may take charge of said office.

ID.—ANSWER—DENIAL—PEREMPTORY WRIT.—If the answer by the respondent judge to a conditional writ of mandamus is evasive and alleges no facts constituting a denial, a peremptory writ should issue without further proceedings, in accordance with section 9 of the Mandamus Act.

The facts are stated in the opinion.

*Mr. Eduardo Acuña* for the petitioner.

The respondent appeared by brief *pro se.*

*Messrs. Jorge V. Domínguez, Francisco Soto Gras* and *Miguel Guzmán Texidor* for the intervenors.

MR. JUSTICE ALDREY delivered the opinion of the court.

In a proceeding for judicial administration of the estate of Rufina Molinaris the District Court of Guayama called a hearing of the heirs and creditors for the purpose of appointing an administrator. The hearing was held and Manuel Cividanes, the surviving spouse, asked to be appointed ad-

ministrator, but the court appointed another person, fixed the amount of his bond at the same time and ordered that the appointment should take effect as soon as he had furnished the security and subscribed the oath of office.

Manuel Cividanes moved the court to reconsider its decision, insisting upon his appointment as administrator, and the parties were again summoned to appear, when, after hearing the objections to the appointment of Cividanes, the court confirmed its former appointment of administrator on the ground that, although it recognized the capacity of Cividanes, it understood that dissensions existed between him and the heirs and co-owners which would interfere with the good progress of the administration.

The case was brought up on appeal and this court held (*Díaz et al.* v. *Cividanes*, 23 P. R. R. 787) that the surviving spouse has the first right to be appointed administrator although such right is not so absolute that it should always prevail, because there may be cases in which strong reasons would make it necessary to appoint another person as administrator. As to the objections made to the appointment of Cividanes as administrator, we held that no specific fact had been alleged to show that there was anything serious to incapacitate the surviving spouse from discharging the duties of administrator and that therefore the objections raised were not of such a nature, for they referred to mere probabilities of dissensions and obstacles insufficient to disqualify him as administrator and his capacity and integrity were admitted by the court itself, apart from the fact that his acts would be guaranteed by the security to be given, by the accounts to be rendered and by the supervision to be exercised over him by the court which appointed him; therefore we reversed the order appealed from and remanded the case to the lower court for further proceedings in accordance with the principles laid down in the opinion.

This decision having been communicated to the court below, on May 26, 1916, it appointed the surviving spouse,

Manuel Cividanes, administrator of the said estate, conditioned upon the failure of the other heirs to prove the existence of strong reasons of his incapacity; and being of the opinion that the said heirs should be given an opportunity to object to the said appointment and show the facts affecting the integrity and ability of Cividanes and disqualifying him as such administrator, the court summoned all the persons concerned to appear on June 10, following, and show cause of their objections to the appointment, warning them that in case of their failure so to appear, their consent would be presumed and the court would enter the necessary orders for the delivery of the property and the furnishing of security.

Thereupon Manuel Cividanes petitioned this court for an order commanding the judge of the district court to appoint him administrator of the estate in compliance with our judgment and to place him in charge of the office after he had taken the proper oath and furnished the security required of the former administrator. In view of this petition, on June 12 we issued an alternative writ of mandamus to the judge of the said court, Honorable López Acosta, commanding him to proceed forthwith to appoint Manuel Cividanes as permanent administrator of the estate of Rufina Molinaris, to fix the amount of the security and to give him possession of the office after he had furnished the bond and subscribed the oath of office, and that in case he had any reason for not complying with the writ, he should appear before this court on June 19 and show cause why he had not done so and why a peremptory writ of mandamus should not issue.

The heirs in this case were allowed to intervene and filed an answer praying that the petition for a writ of mandamus be denied and the alternative writ already issued be vacated. Judge López Acosta filed a brief setting forth that he had no reason other than the objection of the co-heirs for not appointing the petitioner, Manuel Cividanes, as permanent administrator of the estate of Rufina Molinaris and that if

he had not delivered the property to Cividanes it was because he was in doubt whether, within the letter and spirit of our judgment in the case, he should or should not give the heirs an opportunity to object to the appointment; that he denied that there existed any prejudice on his part against Cividanes or that he had attempted to avoid compliance with our judgment; that his purpose in making the orders referred to in the petition for mandamus was to execute the judgment of this court, although he understood that he ought to hear the objections of the parties, inasmuch as we held that while the law grants a preference in favor of the surviving spouse, such preference is not so absolute that it cannot be assailed when sufficient reasons exist for incapacitating him, concluding as follows:

"The foregoing reasons having been given in justification of the action of the court in the case at bar and that honorable court having decided the question as to whether or not the objection of the co-heirs to the appointment of Cividanes should be heard, this court does not oppose the issue of the writ of mandamus solicited for the purpose of the delivery of the administration of the property to Cividanes."

On the day set for the hearing counsel for petitioner Cividanes and counsel for the intervenors appeared and the former moved that in view of the answer of the judge to whom the writ was directed, the peremptory writ applied for should issue forthwith.

Although authorized by section 5 of the Mandamus Act to issue peremptory writs when the right to require the performance of the act is clear and it is apparent that no valid excuse can be given for not performing it, out of courtesy to the judges of the lower courts we do not usually exercise that authority, but prefer to issue alternative writs so as to give them an opportunity to state their reasons for not performing the act sought to be enforced by mandamus. We followed this custom in the present case notwithstanding the

fact that we had no doubt regarding the scope of our judg-
ment revoking the appointment made by the District Court
of Guayama of a stranger as administrator of the estate of
Rufina Molinaris, in which we held that Cividanes, the sur-
viving spouse, had a right to be appointed administrator in
preference to any other person, although such preference
is not so absolute that it should always prevail, inasmuch
as there might be cases in which strong reasons would
make it necessary to appoint another person. We held also
that the objections made to Cividanes were not sufficient to
deprive him of the appointment. Upon the rendition of that
judgment it became the duty of the court below to appoint
Cividanes, fix the amount of his bond and turn the office over
to him after he had furnished security and sworn to discharge
faithfully the duties thereof. Such were the further proceed-
ings which in our decision we directed the lower court to
follow, inasmuch as this court was unable to do so in revers-
ing the order appealed from as it was not advised of the
value of the property in order to determine correctly the
amount of the security. Therefore, the further proceedings
did not refer to another of the hearings provided for by sec-
tion 31 of the act relating to special legal proceedings, for
that hearing had been held already. It appears that this
was also the understanding of the lower court, for instead
of calling a hearing for the appointment of an administrator
it appointed Cividanes at once, in accordance with our judg-
ment, although attempting to evade doing so in that it failed
to fix the amount of his bond and was not disposed to ad-
minister the oath to him and give him possession of the office
until those concerned had an opportunity to object; a course
which it did not follow when it appointed the stranger as
administrator. It results that the court appointed Cividanes
as administrator without qualifying him to enter upon the
discharge of his duties by omitting those requisites which
are essential to their performance, and established *motu*
*proprio* the new procedure of calling a hearing for objecting

to the appointment which this court had decided should be made.

The answer of the trial judge to our writ commanding him to fix the amount of the bond of Cividanes and to give him possession of the office after he had taken the oath and furnished the security, is evasive, for, without giving any reason for failing to comply with the writ, he merely states that he was in doubt regarding the scope of the judgment of this court and that he had no objection to the issuance of a peremptory writ of mandamus after the question of whether or not the co-heirs were entitled to be heard on their objections to the appointment of Cividanes had been decided.

Besides, the answer of the respondent judge contains no facts constituting opposition to our order; wherefore it should not be considered by us as an answer, and for this reason, in accordance with section 9 of the Mandamus Act, we should issue the peremptory writ forthwith, notwithstanding the fact that there are intervenors, because among other reasons they have not complied with the order of this court in the alternative writ by showing cause why the peremptory writ should not issue; for the fact that they wrongly construed a judgment which is clear and, understanding that the judge had discretional power in making the appointment, did not object to the appointment of Cividanes, cannot be considered as such, for, on the contrary, they did object to his appointment and their objections were held by this court to be insufficient. The question of the right of the widower to be appointed administrator and of the sufficiency of the charges made against him were decided in his favor; consequently, he should have been appointed.

The alternative writ should be made peremptory.

*Petition sustained and peremptory writ ordered.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.